IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLINTON LEWIS LINEWEAVER, #02007111,<br>      Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br>      Respondents. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL NO. 3:16-CV-2381-B-BK<br>(Criminal No. 3:14-CR-00283-P-1) |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* habeas corpus action under 28 U.S.C. § 2241 was automatically referred to the United States Magistrate Judge. Petitioner requests that his federal and state sentences be ordered to run concurrently. Doc. 5 at 2, 5. For the reasons that follow, the habeas corpus petition should be summarily **DISMISSED**.[1]

Petitioner pled guilty to Illegal Receipt of a Firearm by a Person Under Indictment and Possession with Intent to Distribute a Controlled Substance, and was sentenced to 60 months' and 108 months' imprisonment, to be served concurrently. Crim. Doc. 21, *Plea Agreement*; Crim. Doc. 31 at 2, *Judgment in a Criminal Case*. His federal sentence, however, was ordered "to run consecutive to any sentence imposed in the defendant's pending [deferred adjudication] revocations in Case Nos. F-0851007 and F-0840623, in the 283rd Judicial District Court of

---

[1] A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering an answer from respondent); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of a habeas petition); Rule 1(b) of the Rules Governing Section 2254 Cases (stating that the 2254 Rules apply to habeas petitions not covered by section 2254).

Dallas County, Dallas, Texas, because these offenses are not related to the instant offense." Crim. Doc. 31 at 2. The Presentence Report (PSR) reflects that a Motion to Revoke or Proceed with an Adjudication was then pending in each of the state cases referenced. Crim. Doc. 26-1 at 9, 11.

The Section 2241 motion should be denied. The Court's power to grant a writ under 28 U.S.C. § 2241 is limited to, *inter alia*, those situations in which a person "is in custody in violation of the Constitution or laws or treaties of the United States." Petitioner has not demonstrated the existence of any such situation here. Indeed, because at the time Petitioner was sentenced on his federal case he had not yet been sentenced to imprisonment on his state cases, the Court was well within its authority to order that the federal sentence run consecutively to the anticipated state sentences. *See Setser v. United States,* ––– U.S. ––––, 132 S.Ct. 1463, 1468-1470, 1473 (2012) (holding that, when a state sentence is not imposed until after a federal sentencing hearing is held, the sentencing court has discretion to order that the federal sentence run consecutively to the anticipated state sentence).

To the extent that Petitioner is simply asking the Court to modify its judgment to permit his federal sentence to be served concurrently with his subsequently imposed state sentences, *see* Doc. 5 at 2, 5, the Court lacks the authority to do so. "The district court's jurisdiction to correct or modify a sentence is limited to those specific circumstances articulated in § 3582(b) and (c)." *United States v. Courville*, 290 Fed. Appx. 754, 756 (5th Cir. 2008) (citing *United States v. Bridges*, 116 F.3d 1110, 1112 (5th Cir. 1997)). 18 U.S.C. § 3582(b) and (c) provide that a judgment of conviction that includes a term of imprisonment is a final judgment that can only be modified under circumstances that are not present here, e.g., for "extraordinary and compelling reasons" upon the motion of the Director of the Bureau of Prisons or the subsequent lowering of

the sentencing guideline range.  Moreover, Federal Criminal Procedure Rule 35 provides, *inter alia*, "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error," and is likewise wholly inapplicable here.

 For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be summarily **DISMISSED WITH PREJUDICE**.

 **SIGNED** December 23, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

 A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE